AO 93  (Rev. 12/09) Search and Seizure Warrant

FILED ☒   LODGED ☐
RECEIVED   COPY ☐

AUG - 6 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Apple iPhone XR Cellular Telephone<br>Serial Number DX3DMUFMKXKN<br>IMEI 352890119053518 | )<br>)<br>)<br>)  Case No.   21-1345 MB<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    8/20/2021
                                                                *(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
James F. Metcalf
                    *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for _____ days *(not to exceed 30)*.
                                                                        ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   8/6/2021 at 10:01 am          _____
                                                              *Judge's signature*

City and state:    Yuma, Arizona          Honorable James F. Metcalf, U.S. Magistrate Judge
                                                        *Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is an Apple iPhone XR cellular telephone, serial number DX3DMUFMKXKN and International Mobile Equipment Identity (IMEI) number 352890119053518 (hereafter the "SUBJECT CELLULAR TELEPHONE") The SUBJECT CELLULAR TELEPHONE is currently located in the HSI Yuma Low-Risk Evidence Storage Vault located at 7431 E. 30th Street, Yuma, Arizona 85365.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

*Property to be seized*

1.    Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE, including:

    a.  all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs, drug packaging, and weapons;

    b.  all information related to buyers or sources of drugs or weapons (including names, addresses, telephone numbers, locations, or any other identifying information);

    c.  all bank records, checks, credit card bills, account information, or other financial records;

    d.  all information regarding the receipt, transfer, possession, transportation, or use of drug or firearm proceeds;

    e.  any information recording schedule or travel;

    f.  evidence of who used, owned, or controlled the cellular telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

    g.  evidence indicating how and when the cellular telephone was accessed or used to determine the chronological context of the cellular telephone access, use, and events relating to crime under investigation and to the cellular telephone user;

h. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

i. evidence of the attachment to the cellular telephone of another storage device or similar container for electronic evidence;

j. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the cellular telephone;

k. evidence of the times the cellular telephone was used;

l. passwords, encryption keys, and other access devices that may be necessary to access the cellular telephone;

m. documentation and manuals that may be necessary to access the cellular telephone or to conduct a forensic examination of the cellular telephone;

n. records of or information about Internet Protocol addresses used by the cellular telephone;

o. records of or information about the cellular telephone's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

p. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications;

2

reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

AO 106 (Rev. 04/10) Application for a Search Warrant

☒ FILED ☐ LODGED
☐ RECEIVED ☐ COPY

AUG – 6 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY NM DEPUTY

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Apple iPhone XR Cellular Telephone
Serial Number DX3DMUFMKXKN
IMEI 352890119053518

) ) ) ) ) )

Case No.   21-1345MB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____ Arizona _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 952, 960(a)(1) & (b)(1)(H) | Importation of a Controlled Substance |
| 21 USC § 841(a)(1) & (b)(1)(A)(viii) | Possession of a Controlled Substance with Intent to Distribute |

The application is based on these facts:

See attached Affidavit of Special Agent Charles Cole

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Reviewed by : AUSA John Ballos
*John Ballos*

Charles M. Cole, Special Agent
*Printed name and title*

Sworn to before me telephonically.

_____
*Judge's signature*

Date:   8/6/2021

City and state:   Yuma, Arizona

Honorable James F. Metcalf, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is an Apple iPhone XR cellular telephone, serial number DX3DMUFMKXKN and International Mobile Equipment Identity (IMEI) number 352890119053518 (hereafter the "SUBJECT CELLULAR TELEPHONE") The SUBJECT CELLULAR TELEPHONE is currently located in the HSI Yuma Low-Risk Evidence Storage Vault located at 7431 E. 30th Street, Yuma, Arizona 85365.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

*Property to be seized*

1.     Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE, including:

    a.  all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs, drug packaging, and weapons;

    b.  all information related to buyers or sources of drugs or weapons (including names, addresses, telephone numbers, locations, or any other identifying information);

    c.  all bank records, checks, credit card bills, account information, or other financial records;

    d.  all information regarding the receipt, transfer, possession, transportation, or use of drug or firearm proceeds;

    e.  any information recording schedule or travel;

    f.  evidence of who used, owned, or controlled the cellular telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

    g.  evidence indicating how and when the cellular telephone was accessed or used to determine the chronological context of the cellular telephone access, use, and events relating to crime under investigation and to the cellular telephone user;

h. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

i. evidence of the attachment to the cellular telephone of another storage device or similar container for electronic evidence;

j. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the cellular telephone;

k. evidence of the times the cellular telephone was used;

l. passwords, encryption keys, and other access devices that may be necessary to access the cellular telephone;

m. documentation and manuals that may be necessary to access the cellular telephone or to conduct a forensic examination of the cellular telephone;

n. records of or information about Internet Protocol addresses used by the cellular telephone;

o. records of or information about the cellular telephone's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

p. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications;

2

reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Charles Cole, being first duly sworn, hereby deposes and states as follows:

### I.   INTRODUCTION AND AGENT BACKGROUND

1.    Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to examine the cellular telephone further described in Attachment A (hereafter "SUBJECT CELLULAR TELEPHONE"), and in order to extract the electronically stored information set forth in Attachment B, which represent evidence and/or instrumentalities of the criminal violations further described below.

2.    Your Affiant is a Special Agent with U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and has been since December 2018. Your Affiant is currently assigned to the Office of the Assistant Special Agent in Charge in Yuma, Arizona. In this capacity, your Affiant conducts criminal investigations involving violations of federal law, to include drug-related offenses. Prior to gaining employment with HSI, your Affiant served with the Metropolitan Nashville Police Department in Nashville, Tennessee for six years as a police officer and detective. Your Affiant has received law enforcement training which has complimented your Affiant's knowledge and experience as a criminal investigator. Such training includes the Homeland Security Investigations Special Agent Training Program, the Federal Law Enforcement Training Center's Criminal Investigator Training Program, and other training, seminars, and courses provided by local, state, and private entities. In the performance of his duties as a criminal investigator, your Affiant has interviewed witnesses and suspects involved in the illegal trafficking of drugs, obtained and executed search warrants, and has performed as a case agent, which entails overseeing and coordinating investigations and investigative activities relating to drug trafficking.

3.     The statements contained in this Affidavit are based on SELECT OR ADD WHAT APPLIES TO YOUR CASE information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; analysis of public records; and from statements made by persons involved in the allegation.

4.     Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

## II.     BASIS FOR PROBABLE CAUSE

5.     On June 9, 2021, on or around 2:32 a.m., JUVENILE DEFENDANT, a United States Citizen, applied for admission into the United States from Mexico via a vehicle inspection lane at the San Luis, Arizona Port of Entry (POE).   JUVENILE DEFENDANT was the operator and registered owner of a 2007 Nissan Altima bearing Arizona temporary license plate VJA0WC.   Also in the vehicle was passenger Alfredo GOMEZ-Villegas (Date of Birth July 17, 1999), a United States Citizen.

6.     Upon receiving a negative verbal customs declaration from JUVENILE DEFENDANT, U.S. Customs and Border Protection Officer (CBPO) A. Zendejas, who was assigned to the primary vehicle inspection lane, proceeded with an inspection of JUVENILE DEFENDANT's vehicle.   During the primary vehicle inspection, CBPO Zendejas visually inspected the interior of JUVENILE DEFENDANT's trunk and observed anomalies with the interior fabric lining.   CBPO Zendejas pulled the lining back and subsequently observed a cellophane-wrapped package concealed within the rear passenger side quarter panel of JUVENILE DEFENDANT's vehicle.   Further inspection of JUVENILE DEFENDANT's vehicle yielded the discovery of an additional forty-three packages containing a white crystalline substance.

2

7.     Of the forty-four packages concealed in JUVENILE DEFENDANT's vehicle, eighteen (18) were found by CBPOs in a spare tire, eight (8) were concealed in the rear passenger quarter panel, and eighteen (18) packages were concealed in the fuel tank. The total weight of the forty-four packages was 20.76 kilograms (45.78 pounds). A random sample of the contents of the packages was field-tested by CBPO Delgado, which identified the substance to have properties characteristic of methamphetamine. CBPOs also recovered an iPhone XR bearing serial number DX3DMUFMKXKN and International Mobile Equipment Identity (IMEI) number 352890119053518 (hereafter the "SUBJECT CELLULAR TELEPHONE") from JUVENILE DEFENDANT's vehicle.

8.     HSI Yuma special agents arrived at the Port of Entry at approximately 3:45 a.m. to assume the investigation. HSI agents did not interview JUVENILE DEFENDANT due to considerations pursuant to 18 U.S.C. § 5033.

9.     In a post-*Miranda* interview with HSI special agents, Alfredo GOMEZ-VILLEGAS explained that he and JUVENILE DEFENDANT were in a relationship. GOMEZ-VILLEGAS denied knowledge of the presence of drugs found in JUVENILE DEFENDANT's vehicle.   GOMEZ-VILLEGAS stated JUVENILE DEFENDANT purchased the 2007 Nissan Altima on or around the week of May 31, 2021 and that since that time, the vehicle had been operated only by JUVENILE DEFENDANT.

10.     GOMEZ-VILLEGAS claimed the cell phone CBPOs found (i.e., SUBJECT CELLULAR TELEPHONE) belonged to JUVENILE DEFENDANT but that he frequently used the SUBJECT CELLULAR TELEPHONE at will to contact the mother of his child.

11.     The SUBJECT CELLULAR TELEPHONE was seized by U.S. Customs and Border Protection and filed under Fines, Penalties, and Forfeiture (FP&F) Number 2021260800028001. The SUBJECT CELLULAR TELEPHONE was transferred into the custody of ICE/HSI and is currently in storage at the HSI Yuma Low-Risk Evidence

Storage Vault located at 7431 E. 30th Street, Yuma, Arizona 85365. In your Affiant's training and experience, your Affiant knows that the SUBJECT CELLULAR TELEPHONE has been stored in a manner in which the contents are, to the extent material to this investigation, in substantially the same state as they were when the SUBJECT CELLULAR TELEPHONE first came into the possession of ICE/HSI.

## III.   ITEMS TO BE SEIZED

12.     Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found in the contents of the SUBJECT CELLULAR TELEPHONE.

13.     Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

a.     Drug traffickers commonly use cellular telephones to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of cellular telephones to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on the SUBJECT CELLULAR TELEPHONE.

14.     In addition to items which may constitute evidence and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the SUBJECT CELLULAR TELEPHONE.

## IV.   DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE

15.     As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT

4

CELLULAR TELEPHONE.  Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

16.    *Probable cause.*  Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT CELLULAR TELEPHONE for at least the following reasons:

a.    Your Affiant knows that when an individual uses a cellular telephone, the cellular telephone may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime.   The cellular telephone is an instrumentality of the crime because it is used as a means of committing the criminal offense. The cellular telephone is also likely to be a storage medium for evidence of crime. From my training and experience, your Affiant believes that a cellular telephone used to commit a crime of this type may contain: data that is evidence of how the cellular telephone was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

b.    Based on your Affiant's knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

c.    Based on your Affiant's knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or

even years after they have been downloaded onto a cellular telephone, deleted, or viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone until it is overwritten by new data.

       d.    Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the cellular telephone that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a cellular telephone's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

       17.    *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT CELLULAR TELEPHONE because:

       a.    Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

       b.    As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In your Affiant's training and experience, information stored within electronic storage medium

(e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the cellular telephone was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephone. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

      c.      A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

      d.      The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on one cellular telephone is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

      e.      Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

      18.    *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT CELLULAR TELEPHONE, including the use of computer-assisted scans.

## V.    <u>CONCLUSION</u>

      19.    Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence and/or instrumentalities of violations of 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), and 21 U.S.C. §§ 952 and 960(a)(1) and (b)(1)(H) (Importation of a Controlled Substance), are likely to

be found in the contents of the SUBJECT CELLULAR TELEPHONE further described in Attachment A.

_____
Special Agent Charles Cole
Homeland Security Investigations

Subscribed and sworn to telephonically this ___6th___ day of ___August___, 2021.

_____
HONORABLE James F. Metcalf
United States Magistrate Judge

9